# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CHRISTINE A. ALSOP, Plaintiff Ad Litem For the Estate of Nancy H. Thompson,   Plaintiff,   v.   MICHAEL HUNTER, et al.,   Defendants. | ) ) ) ) ) ) )   No. 4:22-cv-00030-SEP ) ) ) ) ) |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion to Remand to State Court. Doc. [10]. The Motion has been fully briefed. For the reasons set forth below, the Motion is granted, and this case is remanded to the Circuit Court of the City of St. Louis, State of Missouri.

### BACKGROUND

On October 15, 2021, Plaintiff Christine A. Alsop as Plaintiff Ad Litem for the Estate of Nancy H. Thompson filed this action in the Circuit Court of the City of St. Louis against Defendant Michael Hunter.[1] Doc. [10] ¶ 1 (citing Doc. [10-1] at 2). On December 3, 2021, Plaintiff filed an Amended Petition naming Defendant General Motors, LLC (GM) as a defendant. *Id*. ¶ 2 (citing Doc. [10-1]); *see also* Doc. [10-2]. In her Amended Petition, Plaintiff alleges one count against Defendant Hunter for negligent entrustment and five counts against Defendant GM for strict liability, strict liability failure to warn, negligent failure to warn, breach of implied warranty, and negligence. Doc. [8] ¶¶ 54-97.

This suit arises out of a car accident that occurred in the early morning of December 18, 2018, when an individual driving Defendant Hunter's vehicle ran a red light and struck a vehicle driven by Nikita Thompson, Nancy Thompson's son.[2]  *Id*. ¶ 53. The crash killed Nikita

---

[1] Nancy Thompson died from natural causes unrelated to this action on August 26, 2019. Doc. [8] ¶ 3.

[2] In addition to this action, there is another case pending before the City of St. Louis Circuit Court arising from the same car accident. *See* Doc. [10-4]. That case names GM and Hunter as defendants, but Plaintiff Alsop is not a party to that case. In that action, the plaintiffs allege that Defendant Hunter acted negligently by leaving his keys in his car, which resulted in the vehicle being stolen, and ultimately, to the accident and death of Nikita. *Id.*  In this case, however, Plaintiff makes new allegations that Defendant

Thompson. *Id.* As Plaintiff Ad Litem, Plaintiff Alsop brought action for his wrongful death. With respect to her negligent entrustment claim against Defendant Hunter, Plaintiff alleges that Defendant Hunter allowed an unnamed third party to operate his vehicle, and that the third party was incompetent to operate a vehicle due to intoxication from drug and alcohol consumption as well as "habitual recklessness while operating a motor vehicle." *Id.* ¶ 56. Plaintiff further contends that, at the time of the alleged entrustment, Defendant Hunter knew or had reason to know that the third party was not competent to operate the vehicle due to his or her intoxication and habitual recklessness in operating motor vehicles. *Id.* ¶ 57. Therefore, Plaintiff alleges that Defendant Hunter failed to exercise ordinary care and breached his duty to Plaintiff by entrusting the vehicle to the third-party, and thus he is both the direct and proximate cause of Nikita's death. *Id.* ¶ 58, 59. Plaintiff alleges that Nikita suffered substantial pain and suffering from the injuries caused by the accident until his death and that Nancy Thompson suffered the loss of Nikita, Nikita's consortium, services, companionship, comfort, instruction, guidance, counsel, training, and support as a result of his death. *Id.* ¶ 60.

On January 7, 2022, Defendant GM removed the case to this Court, asserting diversity jurisdiction under 28 U.S.C. § 1332. Although Defendant Hunter is a resident of Missouri, Defendant GM alleges that complete diversity still exists because Hunter was fraudulently joined in this action. *Id*. ¶ 3 (citing Doc. [10-1] at 1); *see also* Doc. [1] (Notice of Removal). Plaintiff filed the instant Motion to Remand on January 24, 2022, pursuant to 28 U.S.C. § 1447. She contends that Defendant Hunter was properly joined and therefore complete diversity does not exist, and the case must be remanded to the state court.

## LEGAL STANDARD

A Defendant may remove an action from state court to federal court if the federal court would have had original jurisdiction over the action. 28 U.S.C. § 1441. For federal diversity jurisdiction to exist under 28 U.S.C. § 1332(a)(1), there must be complete diversity of citizenship, meaning that "no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). Actions in which jurisdiction is predicated solely on diversity are removable only if none "of the parties

---

Hunter knew the person driving the vehicle and allowed that individual to drive his vehicle despite the fact that she was incompetent. Doc. [8] ¶¶ 55-58. Based on those new allegations, Plaintiff Alsop now brings a claim against Defendant Hunter for negligent entrustment. *Id.* ¶¶ 54-60.

2

in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).  Moreover, "removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of remand." *Hudgins v. First Student, Inc.*, 853 F. Supp. 2d 883, 884-85 (E.D. Mo. 2012) (quoting *Manning v. Wal-Mart Stores East, Inc.*, 304 F. Supp. 2d 1146, 1148 (E.D. Mo. 2004); *see also In Re Business Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993) (district courts are "required to resolve all doubts about federal jurisdiction in favor of remand").

The doctrine of fraudulent joinder is "an exception to the complete diversity rule." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010) (citing 14B Charles Alan Wright, Arthur R. Miller, Edward H. Copper, *Federal Practice and Procedure* § 3723, at 788-89 (4th ed. 2009)).  "The doctrine of fraudulent joinder allows a district court to assume jurisdiction over a facially nondiverse case temporarily and, if there is no reasonable basis for the imposition of liability under state law, dismiss the nondiverse party from the case and retain subject matter jurisdiction over the remaining claims." *Murphy v. Aurora Loan Servs., LLC*, 699 F.3d 1027, 1031 (8th Cir. 2012) (citing *Block v. Toyota Motor Co.*, 665 F.3d 944, 951 (8th Cir. 2011)). "Fraudulent joinder occurs when a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal." *In re Prempro*, 591 F.3d at 620 (citing *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 809 (8th Cir. 2003)).  To prove fraudulent joiner, the removing party must show that "the plaintiff's claim against the diversity-destroying defendant has 'no reasonable basis in fact and law.'" *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 980 (8th Cir. 2011) (quoting *Filla*, 336 F.3d at 810).

In other words, "if it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent." *Id.* (emphasis in original) (internal quotation marks omitted).  Conversely, "joinder is not fraudulent where 'there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved.'" *Id.* (quoting *Filla*, 336 F.3d at 811).  The Eighth Circuit has stated that "[f]raudulent joinder is not easily shown by the defendant or lightly found by the district court." *Vang v. PNC Mortg., Inc.*, 517 F. App'x. 523, 524 (8th Cir. 2013) (per curiam).  Indeed, "the defendant must 'do more than merely prove that the plaintiff's claim should be dismissed pursuant to a Rule 12(b)(6) motion' since 'we do not focus on the artfulness of the plaintiff's pleadings.'" *Block*, 665 F.3d at 948 (quoting *Knudson*, 634 F.3d at 980).  "[W]here the

3

sufficiency [of the plaintiff's claim] is questionable, the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply remand the case and leave it for the state courts to decide." *Filla*, 336 F.3d at 811 (quoting *Iowa Pub. Serv. Co. v. Med. Bow Coal Co.*, 556 F.2d 400, 406 (8th Cir. 1977)).

### DISCUSSION

The only question the Court must resolve now is whether Defendant Hunter was fraudulently joined in this matter. If Defendant Hunter was fraudulently joined, then he must be dismissed from the case without prejudice, and the Court can then properly exercise jurisdiction over the case. *See Wivell v. Wells Fargo Bank, N.A.*, 773 F.3d 887, 896 (8th Cir. 2014) (holding that claims against a fraudulently joined defendant should be dismissed without prejudice for lack of subject matter jurisdiction). If Defendant Hunter was not fraudulently joined, then there is not complete diversity of citizenship in this action, and the case must be remanded to state court pursuant to 28 U.S.C. § 1447.

Plaintiff argues that she adequately pleads a cause of action against Defendant Hunter for negligent entrustment. In support of that assertion, she notes that, under Missouri law:

> The requisite elements of a claim for negligent entrustment are: (1) the entrustee was incompetent by reason of age, inexperience, habitual recklessness or otherwise; (2) the entrustor knew or had reason to know of the entrustee's incompetence; (3) there was entrustment of chattel; and (4) the negligence of the entrustor concurred with the conduct of the entrustee to cause the plaintiff's injuries.

Doc. [11] at 4 (quoting *Hays v. Royer*, 384 S.W.3d 330, 333 (Mo. Ct. App. 2012)).

Plaintiff contends that she has sufficiently pled these elements in her Amended Petition, noting that she specifically alleges that: (1) Defendant Hunter entrusted the vehicle to the third party; (2) the third party was incompetent to operate the vehicle due to her intoxication and habitual recklessness; (3) Defendant Hunter knew of the third party's habitual recklessness and intoxication; (4) Defendant Hunter failed to exercise ordinary care by entrusting his vehicle to an incompetent third party; (5) Defendant Hunter's negligence in entrusting the vehicle to the third party concurred with the negligence and conduct of the third party who ran the red light, and struck Nikita's vehicle, ultimately causing him harm; and (6) Defendant Hunter's negligence was the direct and proximate cause of the accident and Nikita's death. *Id.* at 4-5.

4

Defendant argues that Plaintiff joined Defendant Hunter in this action solely to evade this Court's jurisdiction.[3] Doc. [12] at 7. Defendant contends that Plaintiff has alleged no facts supporting the elements of her negligent entrustment claim. *Id.* at 8-9. Plaintiff has had "years to investigate and discovery facts about the claim," Defendant notes, but has not alleged more than mere recitations of the elements of a negligent entrustment claim. *Id.* at 9. Specifically, Defendant argues that Plaintiff's Amended Petition lacks facts such as: the third party's identity, how Defendant Hunter knew the third party, how or why Defendant Hunter allowed the third party to use the vehicle, how or why the third party was incompetent to operate a vehicle, or why Defendant Hunter knew or should have known of the alleged incompetency of the driver to operate the vehicle. *Id.* The "failure to plead a factual basis" for her claim, Defendant argues, constitutes fraudulent joinder. *Id.*

---

[3] Defendant GM spends considerable time in its briefing addressing previous and ongoing litigation resulting from the accident underlying the allegations in this case. *See* Doc. [12] at 2-7. Defendant notes that Nancy Thompson and Weibin Lam filed a lawsuit against Defendants GM, Hunter, and Joe-K Used Cars, LLC, in the Circuit Court of the City of St. Louis in July 2019. *Id.* at 2. Defendant GM removed that case to this Court, but the case was remanded to the Circuit Court of the City of St. Louis. *Id.* at 3. On January 6, 2020, Plaintiffs filed their third amended complaint in the state court action. *Id.* Defendant Joe-K Used Cars filed a renewed motion to dismiss. *Id.* at 4. Plaintiff voluntarily dismissed Defendant Joe-K Used Cars from the case. Defendant Hunter never appeared or otherwise answered in that case. *Id.* On October 26, 2020, Plaintiff Lam filed a petition for approval of wrongful death settlement and distribution of wrongful death settlement, which the court granted on January 19, 2021. *Id.* Following the settlement, Defendant GM again removed the case to this Court, but it was again remanded to the state court. *Id.* Shortly thereafter, Plaintiff filed a motion to appoint plaintiff ad litem and to intervene, which Defendant GM opposed. *Id.* at 5. On October 15, 2021, while that motion was pending before the court, Plaintiff initiated the instant lawsuit, which was also originally filed in the Circuit Court of the City of St. Louis. *Id.* On November 11, 2021, the state court denied the motion to appoint plaintiff ad litem and to intervene in the first lawsuit. *Id.* at 6. Defendant GM now argues that Plaintiff is using "the same tactics as their original case," realleging the same allegations against GM, and evading this Court's jurisdiction by naming non-diverse Defendant Hunter. *See id.* at 7.

To the extent that Defendant attempts to use previous and ongoing litigation to demonstrate that Plaintiff has "no real intention in good faith to prosecute the action against the defendants," *id.* at 10 (citing *Brown v. Jevic*, 575 F.3d 322, 326 (3d. Cir. 2009)), the Court does not find that argument persuasive. Defendant GM appears to argue that the fact that Plaintiff did not serve Defendant Hunter with the third amended petition in the first state court litigation demonstrates that the joinder here is fraudulent because Plaintiff has no real intent to prosecute Defendant Hunter. But the fraudulent joinder standard articulated by the Eighth Circuit does not have an "intent to prosecute" element, nor has this Court found there to be such a requirement. *See Shoop v. Forquer*, 483 F. Supp. 3d 645, 653 (E.D. Mo. 2020); *Filla*, 336 F.3d at 811. Moreover, Defendant contends that the fact that Plaintiff filed duplicative lawsuits against Defendant Hunter is "indicative of [her] continued efforts to maneuver this case away from this Court's jurisdiction." Doc. [12] at 12. The Court declines to infer malign intent from Plaintiff's efforts to prosecute her case. Whether Plaintiff may maintain two actions in the same court against Defendant Hunter may properly be considered by the Circuit Court of the City of St. Louis upon remand of this case.

In response, Plaintiff notes that subsequent investigation disproved Defendant Hunter's claim to have filed a police report for his allegedly stolen car. Doc. [13] at 13. Plaintiff also claims to have discovered that Defendant Hunter knew the person who was driving his vehicle and that the individual was a habitual drug user. *Id.* Those discoveries, she contends, were the impetus for initiating a second lawsuit for negligent entrustment—rather than negligence—against Defendant Hunter. *See id.*

Viewing the allegations in the light most favorable to Plaintiff, "there is arguably a reasonable basis for predicting" that Defendant Hunter could be held liable for negligent entrustment. *Filla*, 336 F.3d at 811. Plaintiff contends that, since the first lawsuit was filed in state court, she has "learned through additional investigation" the pleaded facts supporting her claim for negligent entrustment. Doc. [11] at 4. Specifically, she alleges that Defendant Hunter entrusted his vehicle to the third party, that he knew of the third party's incompetence due to intoxication and habitual recklessness, and that, as a result of his negligence, the third party struck Nikita's vehicle, causing a fire and resulting in his death. Doc. [8] ¶¶ 55-60. Those allegations in her Amended Petition, taken as true, are sufficient to establish a colorable claim for negligent entrustment against Defendant Hunter. And they are sufficient for this Court to conclude that there is "arguably a reasonable basis" for liability. *See e.g.*, *Hutchen v. Wal-Mart Stores East I, LP*, 555 F. Supp. 2d 1013, 1019 (E.D. Mo. 2008) (finding a "reasonable basis" for a plaintiff's negligence claim); *Hudgins*, 853 F. Supp. 2d at 888 (same).

Defendant GM has highlighted several factual allegations that Plaintiff has not pled in this case (e.g., the circumstances of the alleged entrustment of the vehicle, how Hunter knew of the third party's incompetence, the identity of the third party). Absent those additional factual allegations, Defendant GM contends that Plaintiff has merely produced "threadbare recitations of the elements [of negligent entrustment]," which "are not entitled to a presumption of truth when considering the sufficiency of a complaint." Doc. [12] at 10 (quoting *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015)). In determining whether Defendant Hunter was fraudulently joined, however, the Court does not consider the "artfulness of [Plaintiff's] pleadings." *Wilkinson v. Shackelford*, 478 F.3d 957, 964 (8th Cir. 2007). Nor does the Court analyze Plaintiff's Complaint under a Rule 12(b)(6) standard. Rather, to demonstrate that Defendant Hunter was not fraudulently joined in this action, Plaintiff need only show that "state law might impose liability based upon the facts" alleged. *Filla*, 336 F.3d at 810. And to defeat that showing

6

requires that "the defendant do more than merely prove that the plaintiff's claim should be dismissed pursuant to a Rule 12(b)(6) motion." *Knudson*, 634 F.3d at 980 ("the 12(b)(6) standard is more demanding than the *Filla* standard" applied in the fraudulent joinder context); *see also Shoop*, 483 F. Supp. 3d at 653 (citing *Filla*, 336 F.3d at 810) ("The Court reiterates that it does not apply a 12(b)(6) standard in determining whether fraudulent joinder has occurred. The standard is whether state law *might* impose liability under the facts alleged; if so, there is no fraudulent joinder."). As discussed above, Plaintiff has adequately demonstrated that her allegations "might impose liability" for negligent entrustment against Defendant Hunter. The Court declines to "step from the threshold jurisdictional issue into a decision on the merits," *Orrick v. Smithkline Beecham Corp.*, 2014 WL 3956547, at *4 (E.D. Mo. Aug. 13, 2014) (citing *Filla*, 336 F.3d at 811), by testing the sufficiency of Plaintiff's Complaint under a standard akin to that applied on review of a Rule 12(b)(6) motion.

The two Western District of Missouri cases that Defendant GM finds "illustrative" are unavailing here. Doc. [12] at 11. In *Knapp v. Schaeffler Grp. USA, Inc.*, the court held that a party was fraudulently joined where the plaintiffs did not "provide any evidence or even allege facts that would indicate that [the defendant] could be held liable for [the plaintiffs'] injuries." 2021 WL 2456861, at *2 (W.D. Mo. June 16, 2021). There, the plaintiffs' theory of liability was entirely speculative as to the causation element of their negligence claim; they asserted that "because [the defendant] may have committed tortious acts at the manufacturing site at some point after [the plaintiffs were allegedly injured], that it is merely possible that it may have been involved at the site" at some point before as well. *Id.* at *3. In response, the defendant in *Knapp* produced evidence confirming that it was not involved in the alleged tortious conduct at the manufacturing site prior to the plaintiffs' injuries, which the plaintiffs were unable to rebut. *Id.* Similarly, in *Ridings v. Maurice*, the court held that sales representatives of a drug company were fraudulently joined in an action where the defendant drug company submitted affidavits establishing that the sales representatives were not involved in providing the drug at issue to the plaintiff. 2015 WL 1474080, at *3 (W.D. Mo. Mar. 31, 2015). Therefore, under Missouri law, the court found that—even accepting all of the allegations as true—the plaintiffs could not establish that the sales representatives owed them any legal duty; thus, there was "no reasonable basis in fact and law" supporting any of the tort claims brought against the sales representatives. *See id.* at 2, 5.

The fraudulently joined defendants in *Knapp* and *Ridings* were not similarly situated to the defendants in this case. Here, Plaintiff has alleged that Defendant Hunter entrusted his vehicle to an incompetent individual, and that the incompetent individual caused Plaintiff's injuries. *See* Doc. [8] ¶¶ 55-60. Assuming Plaintiff's allegations to be true, Defendant Hunter could plausibly be held liable for negligent entrustment under Missouri law. Defendant GM is correct that the Court may properly consider evidence beyond the pleadings in determining whether a defendant was fraudulently joined, *see, e.g.*, *Perkins v. R.J. Reynolds Tobacco Co.*, 2021 WL 270461, at *3 (E.D. Mo. Jan. 27, 2021), but unlike the defendants in *Knapp* and *Ridings*, GM has submitted no evidence rebutting the allegation that Defendant Hunter entrusted his vehicle to an incompetent individual who caused Plaintiff's injury. Instead, GM has described ways that Plaintiff could have better pled her negligent entrustment claim and stated in conclusory fashion that she has ulterior motives in filing this case concurrently with her other state court action. Neither argument is helpful here because, again, the only inquiry for the Court at this time is whether there is a "reasonable basis in fact and law supporting a claim" against Defendant Hunter for negligent entrustment. *Filla*, 336 F.3d at 811 ("[W]here the sufficiency of the complaint against a non-diverse defendant is questionable, the better practice is for the federal court . . . to simply remand the case and leave the question for state courts to decide."). Plaintiff's pleading provides a reasonable basis for Defendant Hunter to be found liable for negligent entrustment, and Defendant has not rebutted her allegations. Therefore, Defendant has not met its burden to show that Defendant Hunter was fraudulently joined, and this action must be remanded. *See Cent. Iowa Power Co-op v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009) (the party seeking removal has the burden to establish federal subject matter jurisdiction).

## Conclusion

For the reasons discussed herein, it is not "clear under governing state law" that Plaintiff' complaint does not state a cause of action against Defendant Hunter; therefore, Plaintiff's joinder of Hunter was not fraudulent. *Knudson*, 634 F.3d at 980 (quoting *Filla*, 336 F.3d at 810). Hunter's involvement in this case defeats diversity jurisdiction under 28 U.S.C. § 1332(a)(1). Accordingly, the Court cannot properly exercise jurisdiction over this case and must remand the matter to the Circuit Court for the City of St. Louis pursuant to 28 U.S.C. § 1447.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand, Doc. [10], is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Circuit Court of St. Louis County, Missouri, for further proceedings.

Dated this 2nd day of June, 2022.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE